UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR WILSON,

                     Plaintiff,           Civil Action No. 15-10693
                                       Honorable David M. Lawson
v.                                   Magistrate Judge David R. Grand

COUNTY OF WAYNE, CITY
OF DETROIT, and
DETROIT POLICE DEPARTMENT,

                     Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR CERTIFICATION OF CLASS [2]**

**I.**     **REPORT**

     **A.**     **Introduction**

     Before the Court is Plaintiff Victor Wilson's ("Wilson") Motion for Certification of Class. (Doc. #2). The defendants have not yet been served in this case and, as a result, no response has been filed to Wilson's motion. All pretrial matters have been referred to the undersigned for determination. (Doc. #6). The Court dispenses with oral argument pursuant to E.D. Mich. L.R. 7.1(f).

     Under 28 U.S.C. §636(b)(1)(A), a Magistrate Judge does not have jurisdiction or power to enter an order determining a motion "to dismiss or to permit maintenance of a class action," but, rather, must proceed by Report and Recommendation pursuant to §636(b)(1)(B).

     **B.**     **Background**

     Wilson is a State of Michigan prisoner who is confined at the Bellamy Creek Correctional Facility in Ionia, Michigan. He alleges that he was "charged with felonies by use of an unconstitutional 'form complaint' unsupported by facts or circumstances on oath or

affirmation or affidavit, for a detached magistrate to make an independent probable cause determination ….” (Doc. #2 at 3-4). Thus, Wilson filed the underlying civil rights action, *pro se*, pursuant to 42 U.S.C. §1983, asserting that Defendants Wayne County, the City of Detroit, and the Detroit Police Department violated his rights under the Fourth and Fourteenth Amendments. (Doc. #1). In his instant motion, Wilson seeks certification of a class action challenging the use of this “form complaint” by Defendants. (Doc. #2). For the reasons discussed below, Wilson’s motion should be denied.

### C.    Standard of Review

Federal Rule of Civil Procedure 23 governs class actions and provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1)    the class is so numerous that joinder of all members is impracticable;
>
> (2)    there are questions of law or fact common to the class;
>
> (3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4)    the representative parties will fairly and adequately protect the interests of the class.

The party seeking class certification bears the burden of proof. *See Alkire v. Irving*, 330 F.3d 802, 820 (6th Cir. 2003). The moving party must show that he meets all of the criteria of Rule 23(a). *See In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). Ultimately, the class may only be certified if, after a “rigorous analysis,” the district court is satisfied that these prerequisites have been met.” *Id.*

### D.    Analysis

Even if Wilson could satisfy the first three prongs of the Rule 23(a) test – numerosity, commonality, and typicality – he cannot, as a *pro se* incarcerated litigant, satisfy Rule 23(a)(4)’s

2

requirement that "the representative parties will fairly and adequately protect the interests of the class."  While Wilson asserts in his motion that he "would fairly and adequately protect the interests of the class" (Doc. #2 at ¶ 6), the law simply does not permit him to do so.  Indeed, federal law prohibits *pro se* individuals from representing other litigants.  *28 U.S.C.* §1654 (emphasis added) states:

> In all courts of the United States the parties may plead and conduct ***their own cases*** personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

Thus, like any litigant, while Wilson may prosecute his claims *pro se,* he is limited to representing himself and may not act in a representative capacity for any other person.  *See Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007).  Put simply, "[t]he statute does not permit 'unlicensed laymen to represent anyone else other than themselves.'"  *Id.* (quoting *Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir.1991)).

Moreover, the Sixth Circuit has specifically held that *pro se* prisoners like Wilson may not represent other prisoners in federal court litigation.  For instance, in *Marr v. Michigan*, 1996 WL 205582, at *1 (6th Cir. Apr. 25, 1996), the Sixth Circuit held, "an imprisoned litigant who is not represented by counsel may not represent a class of inmates because the prisoner cannot adequately represent the interests of the class."  *See also Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003).  Numerous other courts have similarly held that a *pro se* inmate does not have the capability to adequately litigate suits on behalf of others.  *See, e.g., Proctor v. Applegate,* 2008 WL 2478331, at *1, n. 3 (E.D. Mich. June 16, 2008) ("It is well-established that plaintiff Proctor may only represent himself with respect to his individual claims, and may not act on behalf of other prisoners."); *Corn v. Sparkman*, 1996 WL 185753, at *1 (6th Cir. 1996) ("A prisoner cannot bring claims on behalf of other prisoners."); *Palasty v. Hawk*, 15 F. App'x

197, 200 (6th Cir. 2001) (affirming district court's refusal to certify a class action proposed by a *pro se* plaintiff inmate because "*pro se* prisoners are not able to represent fairly the class"); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.").

In sum, case law and the plain language of 28 U.S.C. §1654 preclude Wilson from representing anyone other than himself in this action.   Therefore, his motion for class certification should be denied.

## II.   RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that Wilson's Motion for Certification of Class (**Doc. #2**) be **DENIED**.

Dated: March 10, 2015                             s/David R. Grand
Ann Arbor, Michigan                             DAVID R. GRAND
                                                United States Magistrate Judge


## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).   Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981).   The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991);

4

*Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 10, 2015.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager