UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR WILSON,

                Plaintiff,         Civil Action No. 15-10693
                                          Honorable David M. Lawson
v.                                            Magistrate Judge David R. Grand

COUNTY OF WAYNE, CITY
OF DETROIT, and
DETROIT POLICE DEPARTMENT,

                Defendants.
_____/

**REPORT AND RECOMMENDATION TO *SUA SPONTE* DISMISS, WITHOUT PREJUDICE, PLAINTIFF'S COMPLAINT [1] UNDER 28 U.S.C. §1915(e)**

**I.    RECOMMENDATION**

This case has been referred to the undersigned for management, hearing and determination of all pretrial matters pursuant to 28 U.S.C. §636(b)(1)(A), and for any reports and recommendations on dispositive matters that may be necessary pursuant to 28 U.S.C. §636(b)(1)(B). (Doc. #6).

Plaintiff Victor Wilson ("Wilson") has been granted leave to proceed *in forma pauperis* in this matter. (Doc. #5). The Court now having assessed the sufficiency of the complaint pursuant to 28 U.S.C. §1915(e), **IT IS RECOMMENDED** that Wilson's complaint be dismissed *sua sponte*, without prejudice.

**II.    REPORT**

    **A.    Background**

This is a *pro se* civil rights case brought pursuant to 42 U.S.C. §1983. In his complaint, Wilson, a State of Michigan prisoner, challenges the state criminal proceedings in which he was charged in the 36th District Court with two counts of Criminal Sexual Conduct – First Degree

and two counts of Criminal Sexual Conduct – Second Degree, though he was convicted only of the latter two offenses. (Doc. #1 at Ex. A, 1/2/09 criminal complaint).[1] Wilson alleges that he was arrested, subjected "to an unconstitutional criminal proceeding," and convicted through Defendants' use of an unconstitutional "form complaint," which deprived him of his "rights, privileges or immunities without due process," and denied him "equal protection of the laws, within the meaning of State and federal constitutions." (Doc. #1). More specifically, Wilson alleges that Defendants – Wayne County, the City of Detroit, and the Detroit Police Department – used a "bare bones 'form complaint[]'" to procure the warrant that ultimately led to his criminal conviction. (Doc. #1). According to Wilson, Defendants "failed to include facts or circumstances on the face of the criminal complaint in order for a magistrate to make an independent determination of probable cause" and failed to "attach to [the] form complaint an affidavit of probable cause, or swear [] on oath [] [to facts] that support probable cause for issuance of [the complaint]…" (*Id.* at 2).[2] In short, Wilson claims he was charged based on nothing more than an assertion in the criminal complaint that he violated the statutes specified therein. He seeks a declaration that the Defendants' practices with respect to using the alleged "form complaint" violate the United States Constitution and other laws, an injunction against Defendants' future use of the alleged "form complaint," an order requiring the Defendants to follow the "warrant requirements" of the Constitution, and "such other appropriate relief as the

---

[1] A jury convicted Wilson on the two CSC-Second Degree charges, and on January 8, 2010, he was sentenced to 30 to 50 years imprisonment. *See* Offender Profile, Michigan Offender Tracking System, http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=194476.

[2] Wilson provides the Court with a copy of the underlying criminal complaint, but no other documentation related to his criminal case. (Doc. #1 at Ex. A). He seems to infer, and implies in his complaint, that no additional procedure – not the swearing to an affidavit, nor the presentation of sworn testimony regarding the facts supporting the criminal complaint against him – took place prior to the criminal complaint's execution. (Doc. #1; *cf. id.* Ex. B (other unrelated criminal cases where those procedures apparently did take place)).

interests of justice may require." (Doc. #1 at 9-10).

### B. Legal Standards

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court shall *sua sponte* dismiss an *in forma pauperis* complaint "at any time" if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. §1997e(c); 28 U.S.C. §1915(e)(2)(B). Similarly, the Court must dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915A.

The Court must liberally construe complaints filed by *pro se* litigants. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Such litigants must nevertheless satisfy the basic pleading requirements in Fed. R. Civ. P. 8(a), including the requirement of a complaint that sets forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The rule's purpose is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted). While this notice pleading standard does not require detailed factual allegations, it does require more than the bare assertion of legal principles or conclusions. *See Twombly*, 550 U.S. at 555. To state a civil rights claim under 42 U.S.C. §1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

**C.     Analysis**

As discussed above, the crux of Wilson's Section 1983 complaint is that he was charged (and ultimately convicted) based solely on an assertion in the state court criminal complaint that he violated the statutes specified therein.  Wilson is thus attempting to use this Section 1983 civil action to challenge the validity of his state court criminal proceedings and resulting conviction based on an alleged lack of probable cause.  However, because Wilson does not allege that his criminal conviction has been overturned, the law makes clear that the relief he requests is not available under 42 U.S.C. §1983.

In general, §1983 provides a vehicle for a state prisoner to challenge a *condition* of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), but not its *validity*.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that for a state prisoner to be eligible for relief due to an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must first "prove that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.").

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's §1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).  Again, the underlying basis for this principle is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal

4

judgments." *Heck*, 512 U.S. at 486.[3]

Here, the crux of Wilson's complaint is that the state court criminal proceedings which were instituted against him, and which resulted in his conviction and incarceration, were based on a criminal complaint that was allegedly constitutionally deficient because it was not supported by probable cause. However, his conviction on the underlying charges has not been terminated in his favor, and, to find that the Defendants utilized a procedure which could not have provided probable cause for his arrest and prosecution would clearly call into question the validity of his conviction. *See e.g., Austin v. Howell*, 2012 WL 553127, at *3 (E.D. Mich. Feb. 21, 2012) (applying *Heck* to plaintiff's claim that his arrest and prosecution were not supported by probable cause because "any such claim, if successful, 'would necessarily imply the invalidity of his conviction.'") (quoting *Heck*, 512 U.S. at 487). *See also Walker v. Schaeffer*, 854 F.2d 138, 142 (6th Cir. 1988) (holding that the "finding of guilt and imposition of fines" in the state court criminal proceedings brought against the plaintiffs "estop[ped] plaintiffs from now asserting in federal court that the defendant police officers acted without probable cause"). Accordingly, Wilson's Section 1983 claims are barred by *Heck*, and thus fail to state a claim upon which relief may be granted, necessitating their dismissal. *See Geeter v. Cooper*, 2012 WL 6214419 (E.D. Mich. Dec. 13, 2012) (dismissing, under 28 U.S.C. §1915(e)(2)(B) and *Heck*, *pro se* plaintiff's Section 1983 claims that his arrest and conviction were not supported by probable cause).

This is so even though the only specific[4] relief Wilson seeks is prospective

---

[3] The United States Supreme Court has made clear that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson*, 544 U.S. at 78 (internal citations omitted). *See also Heck*, 512 U.S. at 482 ("'habeas corpus is the appropriate remedy for state prisoners attacking [in federal court] the validity of the fact or length of their confinement…'") (quoting *Preiser*, 411 U.S. at 490).

[4] In addition to his request for prospective declaratory and injunctive relief against the

injunctive/declaratory relief. *Supra* at 2-3. The case of *Koger v. Florida*, 130 F. App'x 327, 333 (11th Cir. 2005), is instructive on this point. Koger received a traffic ticket in Florida for making an illegal u-turn. A Florida statute specifically provided that persons charged with traffic offenses were to be brought to trial within 180 days of the traffic citation's issuance, and that "[i]f trial is not commenced within [that period], the defendant shall be entitled to dismissal of the infraction charge." Florida Rules of Traffic Court 6.325(a). Koger's trial was adjourned multiple times, and was eventually scheduled to take place on a date beyond the 180-day period. A week before trial, Koger moved, pursuant to Rule 6.325(a) to dismiss the traffic citation. The motion was apparently not heard, and Koger, who did not appear at the trial, was convicted of the charge.

Koger then filed a §1983 action in the Southern District of Florida arguing that commencing his trial beyond the 180-day statutory period violated, *inter alia*, his civil rights under the Fourth (malicious prosecution) and Sixth (speedy trial) Amendments to the United States Constitution. *Koger*, 130 F. App'x at 332. In addition to seeking monetary damages and a declaration that his civil rights were violated, Koger sought injunctive relief in the form of an order "commanding defendants to stop and cease their activity," which the district court interpreted as a request for an order prohibiting "the defendants from trying cases after the 180–day speedy-trial deadline imposed by Rule 6.325." *Id.* at 330 n. 5. The district court dismissed Koger's complaint under Fed. R. Civ. P. 12(b)(6), and the 11th Circuit affirmed. The 11th Circuit noted that to the extent Koger sought damages and a declaration that his rights had been violated, he "essentially was challenging either the legality of his conviction or his sentence. A

---

Defendants' future use of the purported "form complaint," Wilson seeks "such other appropriate relief as the interests of justice may require." (Doc. #1 at 9-10). This vague request clearly could encompass a demand that his underlying conviction be invalidated.

judgment in Koger's favor in his speedy-trial claim would 'necessarily imply the invalidity of his conviction.'" *Id.* at 333 (quoting *Heck*, 512 U.S. at 486–87). Thus, the 11th Circuit affirmed the dismissal of those claims.

The court then turned to Koger's claim for prospective injunctive relief to prohibit the defendants from any future violations of Rule 6.325(a):

> To the extent Koger also was seeking injunctive relief in requesting an injunction "commanding defendants to stop and cease their activity," the Supreme Court has determined that, despite the limitations of *Heck*, a plaintiff may still seek prospective injunctive relief. To obtain such relief, however, a plaintiff must show that the relief will not "necessarily imply" the invalidity of his conviction or sentence. Because Koger's requested prospective relief would have "necessarily implied" that the defendants violated his speedy trial rights and/or maliciously prosecuted him and, thus, that his convictions were invalid, the court also did not err in dismissing Koger's claims to the extent he was seeking injunctive relief. Accordingly, the court did not err in dismissing for failure to state a claim Koger's § 1983 claims.

*Id.* (internal citations omitted). *See also Clarke v. Stadler*, 154 F.3d 186, 189-91 (5th Cir. 1998).

Here, as in *Koger*, if Wilson were to obtain a declaration from this Court that the Defendants' continued use of the "form complaint" that was allegedly used in his underlying criminal case was unconstitutional, it would necessarily imply that his conviction was invalid.[5]

---

[5] This case is distinguishable from others in which courts have declined to find that *Heck* bars a claim for prospective declaratory or injunctive relief because in those cases the relief sought would impact the plaintiffs' future rights, but would not necessarily bear on the validity of their underlying prior convictions. *See, e.g., Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) ("[the prisoners'] claims are cognizable under § 1983, *i.e.*, they do not fall within the implicit habeas exception. [Prisoners] Dotson and Johnson seek relief that will render invalid the state procedures used to deny parole eligibility… a favorable judgment will not 'necessarily imply the invalidity of [their] conviction[s] or sentence[s].' [] Success for Dotson does not mean immediate release from confinement or a shorter stay in prison; it means at most new eligibility review…Success for Johnson means at most a new parole hearing at which Ohio parole authorities may, in their discretion, decline to shorten his prison term. [] *see also* Tr. of Oral Arg. 18 (petitioners' counsel conceding that success on respondents' claims would not inevitably lead to release). Because neither prisoner's claim would necessarily spell speedier release, neither lies at "the core of habeas corpus." [] Finally, the prisoners' claims for future relief

7

Thus, his prospective claims for declaratory and injunctive relief are barred by *Heck*.

### III.  CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that Wilson's complaint be **DISMISSED WITHOUT PREJUDICE**[6] pursuant to 28 U.S.C. §1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

| | |
|---|---|
| Dated: April 17, 2015<br>Ann Arbor, Michigan | s/David R. Grand<br>DAVID R. GRAND<br>United States Magistrate Judge |

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1).  Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich.

---

(which, if successful, will not necessarily imply the invalidity of confinement or shorten its duration) are yet more distant from that core.") (internal citations omitted).  Here, in contrast, the prospective relief Wilson seeks would "necessarily imply the invalidity" of his prior conviction, and indeed *only* impacts him as it relates to that *prior* conviction.  The relief that Wilson is after therefore lies at "the core of habeas corpus," and is barred by *Heck*.

[6] Dismissal without prejudice is recommended so Wilson could pursue a future §1983 claim regarding the subject matter of his instant action in the event he first obtains a favorable disposition of his underlying criminal conviction.  *See Clarke*, 154 F.3d at 191.  The Court expresses no opinion on the merits of such a claim.

LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 17, 2015.

s/Eddrey O. Butts<br>
EDDREY O. BUTTS<br>
Case Manager